United States Bankruptcy Court
Northern District of Ohio

In re:                                                          Case No. 08-60164-rk
Aaron Matthew Minard                                            Chapter 13
Kelly Kathleen Minard
            Debtors

## CERTIFICATE OF NOTICE

District/off: 0647-6        User: lbald        Page 1 of 1          Date Rcvd: Dec 11, 2018
                           Form ID: pdf701     Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 13, 2018.
db/db        +Aaron Matthew Minard,    Kelly Kathleen Minard,    7750 Fort Laurens Rd NW,
              Strasburg, OH 44680-9051
cr            ECAST SETTLEMENT CORPORATION,    P.O. BOX 35480,    NEWARK, NJ  07193-5480
cr           +ECMC,   7325 Beaufont Springs,   Suite 200,   Richmond, VA 23225-5546
cr            First Merit,   III Cascade Plaza, Suite 3,    Akron, OH  44308-1103
cr           +Kubota Credit Corporation, USA,    PO Box 829009,   Dallas, TX 75382-9009
             +OAK POINT PARTNERS LLC,   5215 OLD ORCHARD RD, STE 965,    SKOKIE, IL 60077-4401
cr           +OPTION ONE MORTGAGE CORP,   3 Ada Dr,   Irvine, CA 92618-2322
app          +Timothy R. Wolfe,   Wolfe & Associates,    137 E. Iron Ave.,   Dover, OH 44622-2254
             +US ATTORNEY ND OHIO,   CARL B STOKES US COURTHOUSE,    801 W SUPERIOR AVE, STE 400,
              CLEVELAND, OH 44113-1852

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
             +E-mail/Text: cmecf@dilksknopik.com Dec 11 2018 23:41:40       BRIAN DILKS,    35308 SE CENTER ST,
              SNOQUALMIE, WA 98065-9216
cr           +E-mail/PDF: rmscedi@recoverycorp.com Dec 11 2018 23:43:32
              Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
              Miami, FL 33131-1605
cr           +E-mail/PDF: pa_dc_claims@navient.com Dec 11 2018 23:44:00       Sallie Mae Trust,
              c/o Sallie Mae Inc,   220 Lasley Ave,   Wilkes-Barre, Pa 18706-1496
                                                                                      TOTAL: 3

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            CitiMortgage, Inc.
cr            First Franklin Financial Corporation
cr            National City Bank
cr            Wachovia Dealer Services Inc.
                                                                        TOTALS: 4, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 11, 2018 at the address(es) listed below:
              Alane A Becket   on behalf of Creditor   ECAST SETTLEMENT CORPORATION Notices@becket-lee.com
              Brian Jacob Dilks   cmecf@dilksknopik.com,  dilksknopik@ecf.courtdrive.com
              Charles C Butler   on behalf of Creditor   Wachovia Dealer Services Inc.
               creditors@fountaincitylaw.com
              Edwin H. Breyfogle   on behalf of Debtor Aaron Matthew Minard edwinbreyfogle@gmail.com,
               breyfogle84552@notify.bestcase.com
              Edwin H. Breyfogle   on behalf of Debtor Kelly Kathleen Minard edwinbreyfogle@gmail.com,
               breyfogler84552@notify.bestcase.com
              Hilary B. Bonial   on behalf of Creditor   Kubota Credit Corporation, USA notice@bkcylaw.com
              Jon J. Lieberman   on behalf of Creditor   CitiMortgage, Inc. jlieberman@weltman.com
              Phillip D. Schandel   on behalf of Creditor   First Merit Phil.Schandel@gmail.com,
               Schandel.law@gmail.com
              Stacey A O'Stafy   on behalf of Creditor   First Franklin Financial Corporation
               amps@manleydeas.com, amps@manleydeas.com
              Stacey A O'Stafy   on behalf of Creditor   National City Bank amps@manleydeas.com,
               amps@manleydeas.com
              Toby L. Rosen   trosen@chapter13canton.com,  trosen@ecf.epiqsystems.com
                                                                              TOTAL: 11

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 08-60164 |
| | ) | Chapter 13 |
| Aaron Matthew & Kelly Kathleen Minard | ) | Judge RUSS KENDIG |
| | ) | |
| Debtors | ) | |
| | ) | PETITION FOR UNCLAIMED FUNDS |
| | ) | AND ORDER THEREON[1] |

Dilks & Knopik, LLC, the Petitioner, under the penalty of perjury, declares that the following statements and information are true and correct:

1. *Identification of Claimant.* The Claimant's current name, address and telephone number are:

Name: Oak Point Partners, LLC

Address: 5215 Old Orchard Road, Suite 965 Skokie, IL 60077
Telephone Number: 847-577-1269

---

[1] For purposes of this Petition and the attached Exhibit A, the following terms apply:
• "Petitioner" means either the Claimant or the Authorized Representative, or an attorney at law representing the Claimant or
    Authorized Representative.
• "Claimant" means either (a) a party in the above-captioned case who was due to receive a distribution of funds from the estate of the Debtor, but which funds were instead deposited as unclaimed funds with the Court by the Trustee or; (b) a person or entity that gained the rights of ownership of the original owner's claim.
• "Authorized Representative" means a person or entity given written authorization by the Claimant to file this Petition on behalf of the Claimant, or a person or entity serving as a duly authorized representative of the estate of a Claimant who is deceased. This includes but is not limited to an employee of the Claimant, a funds locator service, and an attorney-in-fact.

2. *Amount of Distribution.* The Claimant was due to receive a distribution from the estate of the Debtor in the above-captioned case in the amount of $1,774.27. The Claimant's Tax ID/Social Security Number and other required documentation are submitted separately with Exhibit A, and will be docketed as a private docket events.

3. *Evidence of Funds Due.* The funds due Claimant were deposited with the Court pursuant to 11 U.S.C. §347. As evidence thereof, the following document is appended to the Petition (check applicable box):

    X  a copy of the Unclaimed Funds Search web page;

    x  a copy of the court order depositing the funds into the Treasury/Registry as unclaimed;

    ☐  a copy of the receipt and attached list of parties entitled to the unclaimed funds

    ☐  other supporting documentation (please describe): _____

    _____

4. *Legal Status of Petitioner.* The following checked statement applies:

    ☐  Petitioner is the Claimant

    ☐  Petitioner is an attorney at law representing the Claimant

    X  Petitioner is the Authorized Representative of the Claimant

    ☐  Petitioner is an attorney at law representing the Authorized Representative of the Claimant

    ☐  The above subparagraphs do not apply, but Petitioner is entitled to payment of such monies because (state basis for claim): _____

    _____

5. *Authorized Representative of Claimant.* If the Petitioner is the Authorized Representative of the Claimant, or an attorney at law representing the Authorized Representative of the Claimant, appended to the Petition a notarized, original power of attorney signed by the Claimant on whose behalf the representative is acting.

6. *Status of Successor Claimant.* If the current Claimant is not the original holder of the claim, the following requirements apply:

    (a) *Successor Business.* If Claimant is a Successor Business Claimant, check this box ☑ and append to the Petition the following documents:

- a notarized power of attorney signed by an officer of the successor business;
- a statement of the signing officer's authority; and
- documentation establishing chain of ownership from the Business Claimant

    (b) *Transferred Claim.* If Claimant is a Successor Claimant holding a transferred (assigned) claim, check this box ☐ and append to the Petition documentation evidencing the transfer of claim.

    (c) *Decedent's Estate.* If the owner of record is deceased and the Claimant is the decedent's estate, check this box ☐ and append to the Petition certified copies of probate documents establishing the representative's right to act on behalf of the decedent's estate.

7. *Verification of Claim.* Upon sufficient inquiry, and upon Petitioner's information and belief, this claim has not been previously paid, no other petitions or requests for payment are pending, and there are no other parties other than Claimant entitled to these funds.

8. *False Statements.* Petitioner understands that pursuant to 18 U.S.C. § 152, a fine or imprisonment, or both, may be imposed if Petitioner has knowingly and fraudulently made any false statements in this document.

9. *Exhibit A.* Petitioner certifies that the required proofs of identification attached to Exhibit A are legitimate and proper.

10. *Service.* Petitioner has served a copy of the Petition for Unclaimed Funds and Order Thereon, Exhibit A, and all attached documents by regular U.S. Mail this _16_ day of _November_, _2018_ to the United States Attorney for the Northern District of Ohio, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Suite 400, Cleveland, Ohio 44113. The United States Attorney is allowed 14 days from the date of service to file an objection to payment of these funds.

WHEREFORE, pursuant to 11 U.S.C. § 347, 28 U.S.C. § 2042, and Local Bankruptcy Rule 3011-1, Petitioner requests that the Court issue an Order directing payment to the Claimant in the amount set forth in section 2, above, and that payment be forwarded to the Petitioner.

Under Penalty of perjury, I, the Claimant, or the Authorized Representative of the Claimant, certify that:

1. The information contained herein is true and correct to the best of my knowledge, information, and belief;
2. The Tax ID/Social Security Number on Exhibit A is correct, and;
3. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to the backup withholding, and;
4. I am (a) an individual who is a U.S. Citizen or U.S. resident alien, or (b) a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States.

(Corporate Seal, if applicable)    Signature of Claimant or Authorized Representative of Claimant        11/14/18
                                                                                                      Date

State of Washington
County of King

Before me on _____11/16/18_____ personally appeared the Claimant or the Authorized Representative of Claimant (*insert name and title of signer*) Brian J. Dilks, Managing Member personally known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

(SEAL)

Notary Public

My commission expires on September 9, 2019

Petitioner's Signature (Bar Number if Attorney)

35308 SE Center Street
_____.

Snoqualmie, WA 98065
Petitioner's Address

425-836-5728
_____.
Petitioner's Phone Number

IT IS SO ORDERED

# # #

4

# UNCLAIMED FUNDS

**JANUARY 6, 2009**

05-66000　JAMES W DAUGHERTY ✓
　　　　　CREDITOR DID NOT CASH CHECK
　　　　　CHECK #351558 FOR $9.55
　　　　　WELLS FARGO HOME MTG
　　　　　PO BOX 5296
　　　　　CAROL STREAMS, IL 60197

06-61479　DAVID HEATH ✓
　　　　　JENNIFER HEATH
　　　　　CREDITOR DID NOT CASH CHECK
　　　　　CHECK #351561 FOR $464.69
　　　　　CITIMORTGAGE
　　　　　BANKRUPTCY DEPT
　　　　　PO BOX 6941
　　　　　THE LAKES, NV 88901-6941

08-60164　ARRON MINARD
　　　　　KELLY MINARD ✓
　　　　　CREDITOR DID NOT CASH CHECK
　　　　　CHECK #351564 FOR $1,774.27
　　　　　AMERICAN HOME MORTGAGE
　　　　　PO BOX 631730
　　　　　IRVING, TX 75063-1730

08-60152　JAMES RIBBING ✓
　　　　　NICOLE RIBBING
　　　　　CREDITOR DID NOT CASH CHECK
　　　　　CHECK #351563 FOR $303.94
　　　　　SAXON MORTGAGE
　　　　　4708 MERCANTILE DR
　　　　　FORT WORTH, TX 76137

UNITED STATES
BANKRUPTCY COURT

Northern District of Ohio
Canton Division

R1 - 000600011 - VURYH

January 03, 2009 13:51:33

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| UF - UNCLAIMED FUNDS | | | |
| | 05-66000 | 10 | $9.55CK |
| Debtor - DAUGHERTY | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 06-61479 | 10 | $464.69CK |
| Debtor - HEATH | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 08-60164 | 10 | $1,774.27CK |
| Debtor - MINARD | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 08-60152 | 10 | $303.94CK |
| Debtor - RIBBING | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 06-61021 | 10 | $408.83CK |
| Debtor - MARTIN | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 07-63367 | 10 | $131.63CK |
| Debtor - THOMPSON | | | |
| UF - UNCLAIMED FUNDS | | | |
| | 05-60850 | 10 | $326.02CK |
| Debtor - STEWART | | | |

TOTAL  -    $3,418.93
TEND   -     3,418.93
CHANGE -         0.00

FROM: TOBY L ROSEN
　　　111 CLEVELAND AVE SW
　　　CANTON OH 44702
　　　330-455-2222

08-60164-rk　Doc 81　FILED 01/00/09　ENTERED 01/00/09 10:38:29　Page 1 of 2
08-60164-rk　Doc 84-1　FILED 11/16/18　ENTERED 11/16/18 16:35:03　Page 1 of 5

08-60164-rk　Doc 87　FILED 12/13/18　ENTERED 12/14/18 00:22:46　Page 6 of 35

06-61021   MICHAEL MARTIN ✓
BARBARA COBB-MARTIN
CREDITOR DID NOT CASH CHECK
CHECK #351560 FOR $408.83
AMERICAN HOME MTG SERVICING
PO BOX 631730
IRVING, TX 75063-1730

07-63367   MARY B THOMPSON ✓
CREDITOR DID NOT CASH CHECK
CHECK #351562 FOR $131.63
INDY MAC BANK
PO BOX 4045
KALAMAZOO, MI 49003

05-68858   HUBERT STEWART ✓
SHIRLEY PRIMOSIC STEWART
CREDITOR DID NOT CASH CHECK
CHECK #351559 FOR $326.02
BENEFICIAL OHIO
961 WEIGEL DR
PO BOX 8606
ELMHURST, IL 60126

FILED
2009 JAN -8 PM 1:27
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

08-60164-rk  Doc 81  FILED 01/08/09  ENTERED 01/09/09 10:38:29  Page 2 of 2
08-60164-rk  Doc 84-1  FILED 11/16/18  ENTERED 11/16/18 16:35:03  Page 2 of 5

08-60164-rk  Doc 87  FILED 12/13/18  ENTERED 12/14/18 00:22:46  Page 7 of 35

# Unclaimed Funds Search

The Unclaimed Funds Search allows the public to search this Court's database of bankruptcy-related funds that have been (1) marked for distribution, where the case trustee has been unable to locate the creditor or other party entitled to the funds; or (2) distributed by the trustee, but not negotiated by the creditor or other party entitled to the funds.

NOTE: When searching by Creditor or Case Name, the search will go through the entire string, so a search of "ONE" will return: RON TELEPHONE, BANK ONE, FRED JONES, etc.

**Search for:**
- ○ Creditor Name
- ○ Debtor (Case) Name
- ⦿ Case Number (e.g. YY-NNNNN)
- ○ Entire Unclaimed Funds Report

`08-60164`  `Search`

### Last updated: 10/17/2018 09:00:12 AM

| Case No. | Case Name | Amount | Creditor | Address |
|---|---|---|---|---|
| 08-60164 | AARON MATTHEW MINARD AND KELLY KATHLEEN | 1774.27 | AMERICAN HOME MORTGAGE | |

- ▪ Fillable Petition and Exhibit

Pursuant to federal law (18 U.S.C. § 152) a fine or imprisonment, or both, may be imposed on anyone who has knowingly and fraudulently made any false statements with respect to unclaimed funds.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

RE: Aaron Matthew & Kelly Kathleen
Minard

Debtor(s)

)
)
)
)
)
)

Case: 08-60164

**AUTHORITY TO ACT**
**Limited Power of Attorney**
**LIMITED TO ONE TRANSACTION**

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. **Oak Point Partners, LLC** with a tax identification number of **30-0008093** ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$1,774.27** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_____

Paul Standfield
Vice President, Finance

11/9/18
_____

Date

### ACKNOWLEDGMENT

STATE OF ILLINOIS)                    COUNTY OF COOK)

On this 9th day of _____No V.____, 2018, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Paul Standfield known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.

WITNESS my hand and official seal.

NOTARY PUBLIC Dee M. Bender
_____
                  Notary

My Commission expires  1/30/2020

```
Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2020
```



## STATEMENT OF AUTHORITY

The undersigned being first duly sworn and states that Paul Standfield is the Vice President, Finance of Oak Point Partners, LLC. Paul Standfield is authorized to execute and deliver all documents pertaining to the recovery of Unclaimed, Lost or Abandoned Property owing to Oak Point Partners, LLC or its subsidiaries. I further acknowledge that an Application for Unclaimed Funds will be or has been submitted by Dilks & Knopik, LLC to the above bankruptcy court to release funds owing to Oak Point Partners, LLC.

By: _____     Dated  11/14/18
Eric A. Linn – President
Oak Point Partners, LLC
5215 Old Orchard Road, Suite 1000
Skokie, IL 60077


STATE OF ___Illinois___, COUNTY OF ___Cook___

On __11/14/2018__ before me, personally appeared **Eric A. Linn** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

Official Seal
Kevin J Clemons
Notary Public State of Illinois
(SEAL) My Commission Expires 10/17/2021

_____
Notary Public

My commission expires on 10/17/21

Explanation of Claimant History and/or Exhibits

Dividends were not collected by the creditor, American Home Mortgage. Oak Point Partners, LLC's current address is 5215 Old Orchard Road, Suite 965 Skokie, IL 60077.

Oak Point Partners LLC, successor in interest to the AHM Liquidating Trust for the bankruptcy estate of American Home Mortgage Holdings, Inc and its related entities and subsidiaries.

American Home Mortgage Servicing, Inc filed bankruptcy on 08/06/2007, case number 07-11050 out of the District of Delaware (Exhibit B). On 8/7/07, the case was jointly administered under American Home Mortgage Holdings, Inc case number 07-11047 out of the District of Delaware (Exhibit C). Steven D. Sass was appointed as the Plan Trustee with the powers to act with the terms of the Plan Trust Agreement (Exhibit D&E). On August 22, 2018, the Liquidating Trust sold specific assets to include remnants assets, collection accounts and unclaimed property owed to the Estate (Exhibit F).

Brian J. Dilks, Petitioner
35308 SE Center Street
Snoqualmie, WA 98065
(425) 836-5728

Official Form 1 (04/07)

| United States Bankruptcy Court **DISTRICT OF DELAWARE** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>American Home Mortgage Servicing, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Attached Schedule 1 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>52-0957267 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br><br>4600 Regent Blvd., Ste. 200<br>Irving, TX                                ZIP CODE   75063 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Dallas County, TX | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☒ Chapter 11          Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                                    Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors*

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Assets*

| $0 to $10,000 | $10,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Liabilities*

| $0 to $50,000 | $50,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ |

* The estimated number of creditors, assets and liabilities is on a consolidated basis.

DB02:6151911.3                                                                                                         066585.1001        Exhibit B

Official Form 1 (04/07)                                                                                                    Form B1, Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): American Home Mortgage Servicing, Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: Not Applicable | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Attached Schedule 2 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X _____ Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

DB02:6151911.3

Exhibit B

066585.1001

Official Form 1 (04/07)

Form B1, Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): American Home Mortgage Servicing, Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor | X _____<br>(Signature of Foreign Representative) |
| X _____<br>Signature of Joint Debtor | |
| _____<br>Telephone Number (if not represented by attorney) | _____<br>(Printed Name of Foreign Representative) |
| _____<br>Date | _____<br>Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *Pauline K. Morgan*<br>Signature of Attorney for Debtor(s)<br><br>James L. Patton, Jr., Esq.<br>Pauline K. Morgan, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone (302) 571-6600 and Facsimile (302) 571-1253<br><br>8-6-07<br>Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>Michael Strauss<br>Printed Name of Authorized Individual<br><br>Chief Executive Officer<br>Title of Authorized Individual<br><br>8/6/07<br>Date | _____<br>Address<br><br>X _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156. |

Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x
In re:                                           :
                                                 :
AMERICAN HOME MORTGAGE                            :   Chapter 11
HOLDINGS, INC., a Delaware corporation,           :
                                                 :   Case No. 07-11047 (CSS)
            Debtor.                               :
                                                 :
Employer Tax I.D. No. 13-4066303                 :
------------------------------------------------ x
In re:                                           :
                                                 :
AMERICAN HOME MORTGAGE                            :   Chapter 11
INVESTMENT CORP., a Maryland corporation,         :
                                                 :   Case No. 07-11048 (CSS)
            Debtor.                               :
                                                 :
Employer Tax I.D. No. 20-0103914                 :
------------------------------------------------ x
In re:                                           :
                                                 :
AMERICAN HOME MORTGAGE                            :   Chapter 11
ACCEPTANCE, INC., a Maryland corporation,         :
                                                 :   Case No. 07-11049 (CSS)
            Debtor.                               :
                                                 :
Employer Tax I.D. No. 20-0201979                 :
------------------------------------------------ x
In re:                                           :
                                                 :
AMERICAN HOME MORTGAGE                            :   Chapter 11
SERVICING, INC., a Maryland corporation,          :
                                                 :   Case No. 07-11050 (CSS)
            Debtor.                               :
                                                 :
Employer Tax I.D. No. 52-0957267                 :
------------------------------------------------ x
```

DB02:6158969.2

066585.1001

Exhibit C

In re:                                                    :

AMERICAN HOME MORTGAGE CORP.,                             :
a New York corporation,                                   :        Chapter 11
                                                          :
                          Debtor.                         :        Case No. 07-11051 (CSS)
                                                          :
Employer Tax I.D. No. 13-3461558                          :
------------------------------------------------------------- x
In re:                                                    :
                                                          :
AMERICAN HOME MORTGAGE                                    :        Chapter 11
VENTURES LLC, a Delaware limited liability company,       :
                                                          :        Case No. 07-11052 (CSS)
                          Debtor.                         :
                                                          :
Employer Tax I.D. No. 36-4571407                          :
------------------------------------------------------------- x
In re:                                                    :
                                                          :
HOMEGATE SETTLEMENT SERVICES, INC.,                       :        Chapter 11
a New York corporation,                                   :
                                                          :        Case No. 07-11053 (CSS)
                          Debtor.                         :
                                                          :
Employer Tax I.D. No. 20-0167491                          :
------------------------------------------------------------- x
In re:                                                    :
                                                          :
GREAT OAK ABSTRACT CORP.,                                 :        Chapter 11
a New York corporation,                                   :
                                                          :        Case No. 07-11054 (CSS)
                          Debtor.                         :
                                                          :
Employer Tax I.D. No. 11-3628580                          :
------------------------------------------------------------- x

### ORDER AUTHORIZING JOINT ADMINISTRATION
### PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1

2

DB02:6158969.2                                                    066585.1001

Exhibit C

Upon consideration of the motion (the "<u>Motion</u>")[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") for entry of an order, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), authorizing the joint administration of the Debtors' cases under chapter 11 of the Bankruptcy Code; and upon the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of these estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 07-11047 (CSS) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1, and the joint caption of the cases shall read as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3

Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x
In re:                                           :   Chapter 11
                                                 :
AMERICAN HOME MORTGAGE                            :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,  :
                                                 :   Jointly Administered
                          Debtors.               :
------------------------------------------------ x
```

     All original pleadings shall be captioned as indicated in the preceding decretal

paragraph and all original docket entries shall be made in the case of American Home Mortgage

Holdings, Inc., a Delaware corporation, Case No. 07-11047 (CSS), and a docket entry shall be

made in the other Debtors' chapter 11 cases and in the event related cases are subsequently filed,

substantially as follows:

> An order has been entered in this case directing joint
> administration for procedural purposes only of the chapter 11 cases
> of American Home Mortgage Holdings, Inc., a Delaware
> corporation; American Home Mortgage Investment Corp., a
> Maryland corporation; American Home Mortgage Acceptance,
> Inc., a Maryland corporation; American Home Mortgage
> Servicing, Inc., a Maryland corporation; American Home
> Mortgage Corp., a New York corporation; American Home
> Mortgage Ventures LLC, a Delaware limited liability company;
> Homegate Settlement Services, Inc., a New York corporation; and
> Great Oak Abstract Corp., a New York corporation, and all
> subsequently filed chapter 11 cases of such debtors' affiliates, and
> the docket in Case No. 07-11047 (CSS) should be consulted for all
> matters affecting this case.

4

Exhibit C

ORDERED that this Court shall retain jurisdiction with respect to all matters

arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       August 6, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

5

DB02:6158969.2

066585.1001

Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| -------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | |
| a Delaware corporation, et al., [1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | Ref. Docket No. 6626, 6942, |
| -------------------------------------- x | | 6965 & 7029 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### CONFIRMING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION
### OF THE DEBTORS DATED FEBRUARY 18, 2009

Upon consideration of the Amended Chapter 11 Plan of Liquidation of the Debtors,

dated as of February 18, 2009 [D.I. 7029], as may be amended and/or modified, the "Plan",[2] at or

in connection with the hearing on confirmation thereof (the "Confirmation Hearing") or pursuant

to the terms of this order confirming the Plan (the "Confirmation Order"), which is (i) a further

modified version of that certain Plan, filed with this Court by the above-captioned debtors and

debtors in possession (collectively, the "Debtors") on November 25, 2008, [D.I. 6626] and

(ii) described on the record of the Confirmation Hearing and in this Confirmation Order; and upon

the related Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect

to the Amended Chapter 11 Plan of Liquidation of the Debtors dated as of November 25, 2008

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

DBU2:7679780.8

066585.1001

Exhibit D

Assets of its Estate to the Plan Trust for the benefit of the Holders of Claims against its Estate, whether or not such Claims are Allowed Claims as of the Effective Date.

17.    Appointment of Plan Trustee. Steven D. Sass, Esq., ("Mr. Sass") is hereby appointed Plan Trustee. Mr. Sass shall commence serving as the Plan Trustee on the Effective Date; provided, however, that Mr. Sass, as Plan Trustee, shall be permitted to act in accordance with the terms of the Plan Trust Agreement from the Confirmation Date (or such earlier date as authorized by the Creditors Committee) through the Effective Date and shall be entitled to seek compensation in accordance with the terms of the Plan Trust Agreement and the Plan.

18.    Actions Against the Plan Trustee. Without the permission of this Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced in any forum other than the Court against the Plan Trustee in its official capacity, with respect to its status, duties, powers, acts, or omissions as Plan Trustee.

19.    Bond. The Plan Trustee shall at all times maintain a bond acceptable to the Plan Oversight Committee and approved by the U.S. Trustee.

20.    Responsibilities of Plan Trustee. The Plan Trustee shall be vested with the rights, powers and benefits set forth in the Plan and Plan Trust Agreement. The Plan Trust shall be subject to the directions of the Plan Oversight Committee as set forth in the Plan Trust Agreement. Notwithstanding anything to the contrary contained in the Plan or this Confirmation Order, any act by the Plan Trustee, including discretionary acts, will require the consent of or consultation with the Plan Oversight Committee in accordance with and to the extent of the terms of the Plan Trust Agreement. If there is any inconsistency or ambiguity between the Plan, Confirmation Order or the Plan Trust Agreement in respect of the Plan Oversight Committee's role in the Plan Trustee's authority to act, the provision of the Plan Trust Agreement shall control.

25

DB02:7679780.8

066585.1001

Exhibit D

shall not be discharged under the Plan, to the extent of available directors and officers liability insurance coverage and proceeds, provided, however, that the rights of the Debtors (if before the Effective Date) or the Plan Trustee (if after the Effective Date), as applicable, to object to such a request for relief on any and all bases are fully reserved.

d. Nothing in Article 12A of the Plan or Paragraph 8 of this Confirmation Order shall be construed to enjoin or restrain the Securities Plaintiffs from prosecuting the claims asserted or to be asserted in the Securities Litigation against any non-Debtors; provided however, that for purposes of this subparagraph, the term "non-Debtors" shall not include the Plan Trust, the Plan Trustee or the Plan Oversight Committee and its members, in their capacity as such.

68.    Retention of Jurisdiction.  This Court hereby retains jurisdiction of these Chapter 11 Cases (a) pursuant to and for purposes of sections 105, 1123 and 1142 of the Bankruptcy Code, and (b) as set forth in Article 14 of the Plan, which is incorporated herein by reference as if set forth in extenso.

Dated: February 23, 2009
       Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

DB02:7679780.8

066585.1001

Exhibit D

## PLAN TRUST AGREEMENT

This Plan Trust Agreement (the "Trust Agreement"), dated as of _____ ___, 2009 (the "Effective Date"), by and between American Home Mortgage Holdings, Inc., a Delaware corporation; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation (collectively, the "Debtors") and Steven D. Sass as Plan Trustee (the "Plan Trustee"), is executed in connection with the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (as may be amended from time to time, the "Plan") that was filed by the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Court") and provides for the establishment of a liquidating trust evidenced hereby (the "Plan Trust"). All capitalized terms that are used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

## W I T N E S S E T H

WHEREAS, the Plan Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Plan Trust is established for the purpose of liquidating the Debtors' assets for the benefit of the Holders of Allowed Claims, resolving Disputed Claims and making distributions on Allowed S/A/P Claims and Allowed Unsecured Claims in accordance with the Plan, this Trust Agreement and Section 301.7701-4(d) of the Treasury Regulations, and with no objective or authority to continue or engage in the conduct of a trade or business; and

WHEREAS, the Plan Trust is intended to qualify as a liquidating trust for federal income tax purposes.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Debtors and the Plan Trustee agree as follows:

## ARTICLE I

## ESTABLISHMENT OF THE PLAN TRUST

1.1     Transfer of Property to Plan Trustee; Assignment and Assumption of Claims.  Pursuant to the Plan, except as provided in Section 1.2 below, each of the Debtors hereby transfers, assigns, and delivers to the Plan Trustee, for the benefit of the Holders of Allowed Claims (whether or not such Claims are Allowed as of the Effective Date), all of its right, title, and interest in and to all its assets free and clear of any Lien, Claim or Interest of any other Person or entity except as provided in the Plan (such assets, the "Trust Assets"). The Plan Trustee agrees to accept and hold the

Exhibit E

either a holder of an Allowed Claim or to the Disputed Claims Reserve Trust shall be accomplished as set forth in this Trust Agreement and in the Plan.

2.2    <u>Transferability of Beneficial Interests</u>.

(a)    All Beneficial Interests shall be uncertificated and issued to Holders of Allowed Claims by book entry only in the register maintained by the Plan Trustee. The Plan Trustee shall not be required to send any notice to Holders of Allowed Claims upon the issuance of the Beneficial Interests. Notwithstanding the foregoing, upon request made to the Plan Trustee in writing by a Holder of an Allowed Claim or a Disputed Claim, the Plan Trustee shall confirm the amount of Beneficial Interests thus issued in the name of such Holder.

(b)    Subject to the provision of Section 2.3(c) below, the Beneficial Interests shall be non-transferable by the Holders of Allowed Claims upon and after issuance. Any purported assignment, pledge, mortgage, sale, transfer or other disposition other than as permitted in Section 2.3(c) shall be void and will not be registered on the register maintained by the Plan Trustee.

(c)    The Beneficial Interests may be transferred by an individual solely by will or the laws of descent and distribution. Any such transfer, however, shall not be effective until and unless the Plan Trustee receives written notice of such transfer.

## ARTICLE III

## PURPOSE, AUTHORITY, LIMITATIONS, AND DISTRIBUTIONS

3.1    <u>Purpose of the Plan Trust</u>. The Plan Trust shall be established for the sole purpose of liquidating the Trust Assets, resolving Disputed Claims and making distributions on Allowed S/A/P Claims and Allowed Unsecured Claims in accordance with the Plan, this Trust Agreement and Section 301.7701-4(d) of the Treasury Regulations, and with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Plan Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Trust Assets of the Plan Trust, make timely distributions and not unduly prolong the duration of the Plan Trust. The liquidation of the Trust Assets may be accomplished either through the sale of Trust Assets (in whole or in combination), including the sale of Causes of Action or through the prosecution or settlement of Causes of Action, or otherwise.

3.2    <u>Authority of Plan Trustee</u>. In connection with the administration of the Plan Trust, the Plan Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Plan Trust except as set forth in this Trust Agreement. All acts

4

Exhibit E

performed by the Plan Trustee shall be subject to Plan Oversight Committee oversight as set forth in Section 4.2, unless stated otherwise herein. Without limiting, but subject to, the foregoing and to Section 3.4, the Plan Trustee shall be expressly authorized, but shall not be required, to:

(a) prosecute, abandon, collect, compromise and settle any Causes of Action in accordance herewith, subject to any limitations as may be determined by the Plan Oversight Committee, without further approval of, or application to, the Bankruptcy Court;

(b) file, prosecute, compromise and settle objections to Claims, and in his sole discretion and without the prior approval of the Plan Oversight Committee and without further approval of, or application to, the Bankruptcy Court, compromise, settle, decline to object to, and/or allow any Disputed Claim asserted in an amount less than (i) $250,000 for an S/A/P Claim or (ii) $2,500,000 for an Unsecured Claim;

(c) recover and compel turnover of the Debtors' property as may be permitted by the Bankruptcy Code or applicable state law, including, without limitation, those identified in the Disclosure Statement;

(d) open and maintain bank accounts in the name of the Plan Trust, draw checks and drafts thereon on the sole signature of the Plan Trustee, and terminate such accounts as the Plan Trustee deems appropriate;

(e) sell or liquidate any Trust Assets, without further approval of or application to the Bankruptcy Court or the Plan Oversight Committee, except as otherwise provided herein;

(f) execute any documents, file any pleadings, and take any other actions related to, or in connection with, the liquidation of the Trust Assets and the exercise of the Plan Trustee's powers granted herein, including the exercise of the Debtors' or the Creditors Committee's respective rights to conduct discovery and oral examination of any party under Rule 2004 of the Federal Rules of Bankruptcy Procedure;

(g) hold legal title to any and all rights of the beneficiaries in or arising from the Trust Assets, including, but not limited to, collecting and receiving any and all money and other property belonging to the Plan Trust and the right to vote any claim or interest in an unrelated case under the Bankruptcy Code and receive any distribution thereon;

(h) protect and enforce the rights to the Trust Assets by any method it deems appropriate, including by judicial proceedings or

5

Exhibit E

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of August 22, 2018, is by and between the AHM LIQUIDATING TRUST ("Plan Trust" or "Seller") and OAK POINT PARTNERS, LLC ("Purchaser").

### WITNESSETH:

WHEREAS, on August 6, 2007, American Home Mortgage Investment Corp. and its co-debtor subsidiaries (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS); and

WHEREAS, on February 23, 2009, the Court entered an order confirming the Amended Chapter 11 Plan of Liquidation of the Debtors dated as of February 18, 2009 (the "Plan"),[2] which became effective on November 30, 2010 ("Effective Date"); and

WHEREAS, as of the Effective Date, the Plan Trust was established and all Assets of the Estates vested in, and constitute Assets of, the Plan Trust, and each Debtor was deemed for all purposes to have transferred legal and equitable title of all Assets of its Estate to the Plan Trust free and clear of all liens, claims, and interests of the Debtors, and Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust; and

WHEREAS, on October 6, 2017, the Court entered its Third Order Granting Motion for an Order Extending The Plan Trust Termination Date through and including November 30, 2018; and

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Plan Trust remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"), ; and

WHEREAS, Remnant Assets specifically include, without limitation, the assets scheduled on attached Exhibit A; and

WHEREAS, Remnant Assets specifically exclude the assets scheduled on attached Exhibit B; and

WHEREAS, Seller has the power and authority to sell and assign all of its right, title and interest in and to the Remnant Assets to Purchaser on an "as is, where is" basis, including, but not limited to the proceeds thereof; provided, however, none of the Plan Trust, the Plan Trustee, the Debtors or any of their professionals make any representation or warranty regarding the nature and extent of Seller's right, title and interest in and to the Remnant Assets.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms used, but not defined, herein shall have the meaning ascribed to such terms in the Plan.

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of     REDACTED
payable within 3 business days of receipt by Purchaser and Seller of this fully executed Agreement, which date shall be on or before August 22, 2018 ("Closing Date").

REDACTED

2. **Assignment of Remnant Assets.** Effective as of 12:00 am on the Closing Date, Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets on an "as is, where is" basis; provided, however, none of the Plan Trust, the Plan Trustee, the Debtors or any of their officers, directors, affiliates or professionals make any representation or warranty regarding the nature and extent of Seller's right, title and interest in and to the Remnant Assets and nothing herein transfers, conveys, sells, or assigns, nor shall be interpreted to do so, to Purchaser any right, claim, title or interest under, in and to the excluded assets set forth on Exhibit B hereto.

3. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on or after 12:00 am on the Closing Date on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets. For avoidance of doubt, upon the termination of the Plan Trust, the Seller shall have no further obligations to take any actions hereunder and Seller will be reimbursed for its reasonable costs incurred in connection with any action required to be taken prior to the termination of the Plan Trust, including reasonable professional fees and expenses.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement; provided, however, none of the Plan Trust, the Plan Trustee, the Debtors or any of their officers, directors, affiliates or professionals make any representation or warranty regarding the nature and extent of Seller's right, title and interest in and to the Remnant Assets

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER

2

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F

EXPRESS, IMPLIED OR IMPOSED BY LAW.

6.  **Free and Clear Sale.**  The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances of the Plan Trust and to the extent provided for in the Plan and permissible under the Bankruptcy Code.

7.  **No Assumption of Liabilities; Indemnification.**  Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of any Seller or its affiliates that accrued or were incurred prior to the Closing Date of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may accrue or were incurred after the Closing Date or otherwise expressly be provided herein. Purchaser shall indemnify and hold harmless the Plan Trust, Plan Trustee and Debtors from and against any and all liabilities, losses, damages, claims, costs and expenses (including, without limitation, reasonable attorneys' fees, disbursements and related expenses) which such parties may incur, or to which such parties may become subject, resulting from an alleged violation by Purchaser of any applicable state or federal law or regulation in conjunction with Purchaser's efforts to recover the Remnant Assets pursuant to this Agreement.

8.  **Documents of Assignment.**  Upon reasonable advance notice, from time to time, upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.  **Limited Power of Attorney.**  Effective as of the Closing Date, and solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement. The Purchaser acknowledges and agrees that the authority granted to it pursuant to this section is not for the purposes of initiating or carrying out any action or proceeding in the name, or on behalf, of Seller or any Debtor. Purchaser agrees to fully indemnify, and hold harmless, Seller and the Debtors for any reasonable costs or expenses associated with a breach of this Limited Power of Attorney, including any reasonable costs of defense with respect to actions taken, or not taken, by Purchaser pursuant to this grant.

10. **Entire Agreement.**  This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.**  All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

13. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

3

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F

THIS AGREEMENT has been duly executed as of the day and year first above written.

OAK POINT PARTNERS, LLC

By: _____

Name: ERIC LINN

Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269      fax (847) 655-2746

AHM LIQUIDATING TRUST

By: _____

Name: STEVEN D. SASS

Its: Plan Trustee

Address: Steven D. Sass, LLC, PO Box 45, Clarksville, MD 21029
tel (410) 458-6100

4

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F

## EXHIBIT A

### REMNANT ASSETS

1. Any and all rights to antitrust claims, including, without limitation, the right to assert claims or bring actions for payment (provided no such claim or action is initiated in the name, or on behalf, of Seller or any Debtor), and all other benefits, rights, interests, and all proceeds related thereto, including, without limitation, in connection with the following class action settlements, whether direct, indirect, or otherwise: (a) In re Cathode Ray Tube Antitrust Litigation; (b) In re Optical Disk Drive Antitrust Litigation; (c) In re Lithium Ion Batteries Antitrust Litigation; (d) Precision Associates, Inc. v. Panalpina World Transport (Freight Forwarders Antitrust Settlement); (e) Bear Stearns Mortgage Pass-Through Certificates Litigation; and (f) LIBOR-Based Financial Instruments Antitrust Litigation, each of which is transferred hereunder subject to any existing contingency, commission and fee obligations.

2. Any and all claims and proofs of claim or interests against Guaranty Title and Trust Company, in Liquidation, each of which is transferred hereunder subject to any existing contingency, commission and fee obligations.

3. Any and all claims, benefits, interests, and rights to payment in connection with collection accounts, restitution orders and related proceeds, or similar rights, wherever located and of any nature whatsoever.

4. Any and all claims and rights to payment for unclaimed or abandoned property in the name of or for the benefit of the Debtors and the Plan Trust, wherever held, and any proceeds of claims initiated by or on behalf of the Debtors or the Plan Trust, which are currently pending but not yet processed or paid.

5. Any and all rights and interests in and to the internet domain names used in connection with the Debtors' former business operations or registered by, to or for the benefit of the Debtors or the Plan Trust, with the exception of "Americanhm.com," which is currently used by the Plan Trust and the Debtors, but which will transfer to the Purchaser when the Plan Trust and the Debtors no longer have a reasonable need for its use.

6. Any and all assets, claims, rights, interests, and property of the Debtors or Plan Trust (whether arising out of occurrences prior to, at or after the date hereof) not scheduled on Exhibit B.

5

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F

## EXHIBIT B

## EXCLUDED ASSETS

1. All cash held at the time of this Agreement by the Plan Trust or the Debtors, provided, however, that any funds in any bank account after the later of: (a) the termination of the Plan Trust; or (b) June 30, 2019, and that do not constitute a Seller Share, shall constitute Remnant Assets.

2. The Purchase Price to be delivered pursuant to this Agreement.

3. The Real-Estate Owned (REO) by the Debtors or Plan Trust, whether currently or formerly, at 846 East 220th Street, Bronx, NY 10467 and Corbett Ridge Road, Mebane, NC 27302 as a result of foreclosure by the Debtors, and any and all surplus funds or other interests related thereto.

4. Any and all rights related to (a) the Community Investment Corporation (CIC) investment; (b) the Cressy House investment; and (c) the Dovenmuehle investment (sometimes collectively referred to as the "AH Bank assets").

5. Any and all rights related to the residential mortgage backed securitization transactions known as American Home Mortgage Investment Trust 2005-1 ("AHMIT 2005-1") and American Home Mortgage Investment Trust 2005-2 ("AHMIT 2005-2"), including, without limitation, the reserve account funds related thereto

6. Any and all rights related to the Owner Trust Certificates and Notes associated with the residential mortgage backed securitization transactions sponsored by the Debtors or any affiliates or subsidiaries thereof (collectively, the "AHMIT and AHMAT RMBS Transactions")

7. Any refunds or claims to recover and collect on federal income or payroll tax refunds from the Internal Revenue Service.

8. Any refunds or claims to recover and collect on state payroll tax refunds from the state taxing authorities.

9. Any refunds or claims to recover and collect on refunds from the Securities and Exchange Commission.

10. Any and all funds held by Epiq Systems, Inc.

11. Uncashed and/or returned creditor distribution checks issued by the Plan Trust or one of the Debtors, and any uncashed checks written on the Plan Trust bank accounts for vendor or professional payments.

12. Any and all rights in and to the Wilmington Trust Account entitled Escrow Agent for AHM IndyMac 02.21.2008.

13. The internet domain name of "Americanhm.com," which is currently used by the Plan Trust and the Debtors, but which shall transfer to the Purchaser when the Plan Trust and the Debtors no longer have a reasonable need for its use.

6

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, LLC

Exhibit F



AMERICAN HOME MORTGAGE INC
*Servicing*
*at a higher power*

P.O. Box 631730
Irving, TX 75063-1730

April 27, 2010

████████████
Stanwood, WA 98292-4908

Re: American Home Mortgage Servicing, Inc. Loan Number ██████████
    (referred to herein as "Loan")
Borrower(s): ████████████████,
    (referred to herein as "Borrowers")
Property Address: ████████████ Stanwood WA 98292
    (referred to herein as "Property")

Dear ██████████████ :

This letter agreement ("Agreement"), effective as of the date
acknowledged and accepted by American Home Mortgage Servicing, Inc.,
("AHMSI") below, will confirm that AHMSI and Borrowers agree to a short
payoff of the Loan, subject to the following terms and conditions:

1. A COPY OF THE FINAL HUD1 SETTLEMENT STATEMENT RELATING TO THE SALE OF
   THE PROPERTY, SIGNED BY BOTH SELLER (BORROWERS) AND PURCHASER, MUST
   ACCOMPANY THE NET PROCEEDS CHECK TO AHMSI AND MUST SIMULTANEOUSLY BE
   FAXED TO ████████████. IF SUCH HUD1 SETTLEMENT STATEMENT, SIGNED BY
   BOTH SELLER AND BUYER, DOES NOT ACCOMPANY THE NET PROCEEDS CHECK, OR
   SHOULD THE DOLLAR AMOUNTS AND DISTRIBUTION OF LOAN PROCEEDS ON THE
   HUD1 SETTLEMENT STATEMENT FAIL TO REFLECT THE TERMS OF THIS AGREEMENT,
   THE NET PROCEEDS CHECK WILL BE RETURNED TO THE CLOSING AGENT AND THIS
   AGREEMENT SHALL BE NULLIFIED AND OF NO FORCE OR EFFECT. THE FINAL
   HUD1 MUST MATCH THE NET AMOUNT WE RECEIVE.

2. The net proceeds to AHMSI from the sale of the Property must not be
   less than $215,109.00 (referred to herein as the "Net Proceeds").

3. The Net Proceeds are calculated based on a total Property sales price
   of $245,000.00 (referred to herein as the "Total Sales Price") and
   include the Short Sale administration fee, if applicable. If the
   actual Property sales price is more than the Total Sales Price, all
   additional funds over the Total Sales Price shall be paid to AHMSI
   at closing. The Broker commission based on sales price cannot
   exceed 14,700.00 percent ( 6 %).

████████████

Page 1 of 4

Address Proof

C603459  13676LTH03

# AFFIDAVIT OF
## PHOTO IDENTIFICATION AUTHENTICITY

I, **Brian J. Dilks**, Managing Member of Dilks & Knopik, LLC hereby certify that the below proof of identification is a true and accurate duplicate of the original.



Dated: November 16, 2018

Brian J. Dilks, Managing Member
35308 SE Center Street
Snoqualmie, WA 98065
(425) 836-5728

On ___11/16/18___ before me, Brian J. Dilks, appeared, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.



Andrew T. Drake, Notary Public
My commission expires: September 9, 2019
Notary in and for the State of Washington





## chicago ⬥ new york

### Paul Standfield
Vice President, Finance

5215 Old Orchard Rd.
Suite 965
Skokie, IL 60077

Office: (847) 779-0637
Mobile: (312) 415-8931
paul@oakpointpartners.com

 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0046

In reply refer to:  0423603541
Mar. 07, 2018   LTR 147C   O
30-0008093   000000 00
                    00002113
BODC: SB

OAK POINT PARTNERS LLC
5215 OLD ORCHARD ROAD STE 965
SKOKIE IL  60077-1035



037534

          Employer identification number:  30-0008093

      Dear Taxpayer:

      We received your request dated Dec. 15, 2017, asking us to verify
      your employer identification number and name.

      Your employer identification number (EIN) is 30-0008093. Please keep
      this letter in your permanent records. Enter your name and EIN on all
      federal business tax returns and on related correspondence.

      You can get any of the forms or publications mentioned in this letter
      by visiting our website at www.irs.gov/forms-pubs or by calling
      800-TAX-FORM (800-829-3676).

      If you have questions, you can call us at 800-829-0115.

      If you prefer, you can write to us at the address at the top of the
      first page of this letter.

      When you write, include a copy of this letter, and provide your
      telephone number and the hours we can reach you in the spaces below.

      Telephone number (   )_____ Hours _____

      Keep a copy of this letter for your records.

      Thank you for your cooperation.